IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2188-BO

| | |
|---|---|
| ALEXANDER WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BRYAN K. WELLS and ERIK A. ) | |
| HOOKS, ) | |
| ) | |
| Respondents. ) | |

The matter comes before the court on respondent's unopposed motion to dismiss (DE 14) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On May 17, 1965, petitioner pled guilty in the New Hanover County Superior Court to first-degree murder, and was sentenced to life imprisonment. (Resp't's Mem. Ex. 1). Petitioner was twenty years old at the time of his conviction. (Id. Ex. 2). On August 1, 2016, petitioner filed *pro se* petitions for a writ of mandamus in both the North Carolina Court of Appeals and the North Carolina Supreme Court. (Id. Exs. 3, 4). On August 15, 2016, the court of appeals denied mandamus, and, on September 29, 2016, the supreme court denied mandamus. (Id. Ex. 7).

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of petitioner's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

On August 1, 2016, petitioner filed the instant petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2254. Petitioner raised the following claim: "extra-ordinary or compelling reasons for a sentence reduction-18 U.S.C. § 3582(c)(1)(A)." (Pet. ¶ 12). Petitioner requested the following relief: "A recommendation for his life sentence to be reduced to 40, [North Carolina Mutual Agreement Parole Program ("MAPP")] Contract and Adult Parole and Honor Grade Relief." (Id. p. 16).

Respondent subsequently filed a motion to dismiss pursuant to Rule 12(b)(6) arguing that petitioner's grounds for relief are non-cognizable and that petitioner failed to exhaust his state court remedies. Although petitioner was notified of respondent's motion, he did not respond.

## DISCUSSION

A. Motion to Dismiss

   1. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the [petitioner]," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

omitted). In other words, this plausibility standard requires a petitioner to articulate facts, that, when accepted as true, demonstrate that the petitioner has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

2. Analysis

a. Parole-Related Claims

Petitioner seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), based upon his advanced age, time served in prison, and contention that he no longer is a danger to his community. (Pet. ¶ 12). The federal statute permitting compassionate releases, 18 U.S.C. § 3582(c)(1), applies to federal sentences and not state sentences. See 18 U.S.C. § 3582; Carter v. Pate, No. 8:10-525-HMH-BHH, 2010 WL 1643286, at *3 (D.S.C. Apr. 22, 2010), appeal dismissed, 420 F. App'x 294 (4th Cir. 2011). Petitioner has a state, and not a federal, sentence. Thus, § 3582 is inapplicable to petitioner's sentence, and respondent's motion to dismiss is GRANTED as to this claim.

b. MAPP Contract

Petitioner requests that his sentence be reduced to forty years, that he be provided with a MAPP contract, that he receive adult parole, and that he receive honor grade relief. (Pet. p. 16). "There is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08–CT–3053–BO, 2009 WL 9073078, at *2 (E.D.N.C.

Aug. 25, 2009), aff'd, 361 F. App'x 496 (4th Cir. 2010). A federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." Id.

Here, petitioner has alleged no facts to suggest that he is not receiving the minimal parole procedures to which he is entitled. Petitioner further does not allege any facts whatsoever to support his claims. Rather, petitioner makes a baseless plea for a reduction in sentence, parole, a MAPP contract, or Honor Grade classification. Petitioner's conclusory allegations are insufficient to withstand respondent's motion to dismiss. See Ashcroft, 556 U.S. at 681 (citation omitted); see, e.g., White v. White, 886 F.2d 721, 723 (4th Cir.1989) (stating minimum level of factual support required); see also, Goble v. Bounds, 13 N.C. App. 579, 583, 186 S.E.2d 638, 640 ("We conclude that honor grade status, work release privilege, and parole are discretionary acts of grace or clemency extended by the State as a reward for good behavior, conferring no vested rights upon the convicted person."), aff'd, 281 N.C. 307, 188 S.E.2d 347 (1972) (emphasis added). Thus, respondent's motion to dismiss is GRANTED as to petitioner's remaining claims.[2]

B.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

---

[2] Petitioner's claims, alternatively, are dismissed for failure to exhaust state court remedies. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

4

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the court GRANTS respondent's motion to dismiss (DE 14), and DISMISSES this action without prejudice. The certificate of appealability is DENIED, and the clerk is DIRECTED to close this case.

SO ORDERED, this the 29 day of March, 2018.

TERRENCE W. BOYLE
United States District Judge